**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 23, 2007**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS PEREZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:05-CR-164-2
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Luis Perez appeals his jury-trial conviction for conspiracy to harbor and transport illegal aliens for financial gain and harboring and transporting illegal aliens for financial gain. Perez argues that the district court abused its discretion and violated his Confrontation Clause rights by sustaining an objection to a question he asked a government witness on cross-examination.

Because Perez was allowed to cross-examine the government witness and was not prevented from raising issues of the witness's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credibility or reliability, the district court did not violate Perez's Confrontation Clause rights. See United States v. Restivo, 8 F.3d 274, 278 (5th Cir. 1993). As the question to which the district court sustained the objection sought to elicit a lay opinion not based upon personal perception, the testimony Perez sought to elicit was inadmissible under FED. R. EVID. 701. See Tex. A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 403 (5th Cir. 2003). Accordingly, the district court did not abuse its discretion by sustaining the objection. See United States v. Dixon, 413 F.3d 520, 525 (5th Cir. 2006) (no abuse of discretion to exclude inadmissible testimony).

AFFIRMED.